McGREGOR W. SCOTT
United States Attorney
MICHELE BECKWITH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America



FILED
JUL 29 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-0008 KJM |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER |
| v. | |
| TARIQ ARRHAMANN MAJID, | |
| Defendant. | |

The United States, through its undersigned counsel, and Defendant, both individually and through his undersigned counsel, hereby stipulate as follows:

1. On January 2, 2019, the defendant, Tariq Arrahamann Majid, was charged by criminal complaint with one count of Exploitation of a Minor (18 U.S.C. § 2251(a)) and one count of Receiving Material Involving the Sexual Exploitation of a Minor (18 U.S.C. § 2252(a)(2)). The complaint alleged that the defendant video recorded and photographed minors while he sexually abused them.

2. The defendant appeared before Magistrate Judge Allison Claire on January 2, 2019, and he was ordered detained as a flight risk and danger to the community.

3. The Grand Jury returned an indictment against the defendant on January 10, 2019, charging him with two counts of Exploitation of a Minor (18 U.S.C. § 2251(a)) and two counts of Receiving Material Involving the Sexual Exploitation of a Minor (18 U.S.C. § 2252(a)(2)).

4. The discovery in this case identifies multiple minor victims who claim to have been

1

1 sexually abused by the defendant. These are allegations that have not yet been proven in any court, state or federal.

5. Although the indictment currently charges only two minor victims (John Does #1 and #2), the discovery provided to the defense identifies other alleged victims, including two who are named as "John Does #3 and #4." The government has informed the defense that it considers these individuals to be potential witnesses in this case.

6. On or about June 28, 2019, the defendant wrote a letter to John Does #3 and #4, who are both minors. The parents of John Does #3 and #4 provided the letter to law enforcement. A copy of that letter is included as an exhibit to the government's motion for a protective order, filed on July 20, 2019.

7. The government has received information from investigators that the parents of John Does #3 and #4 do not want their children to be contacted by defendant or any of his representatives, nor do they want to be contacted by defendant or his representatives.

8. The defendant has no children of his own, nor does he have any familial relationships with minors who he might otherwise have a right to associate with.

9. In light of the foregoing, the parties hereby stipulate and agree that the defendant shall not communicate with any minor through any means, including but not limited to, phone communication, in-person jail visits, written communication, and communication through third parties, including a minor's parents, during the pendency of this case.

10. The parties further stipulate and agree that the defendant and members of the defense team shall refrain from communicating with the parents of John Does #3 and #4, based on their expressed desire to be protected from such communications.

///
///
///
///
///
///

Dated: July 24, 2019

McGREGOR W. SCOTT
United States Attorney

By: /s/ Michele Beckwith
Michele Beckwith
Assistant United States Attorney

Dated: July 25, 2019

/s/ Linda Allison
Linda Allison
Counsel for Defendant

Dated: July 25, 2019

/s/
TARIQ ARRHAMANN MAJID
Defendant

## [PROPOSED] ORDER

The Court, having reviewed the government's motion and the parties' stipulation, finds good cause for the following order.

The defendant shall not communicate with any minor through any means, including but not limited to, phone communication, in-person jail visits, written communication, and communication through third parties, including a minor's parents, during the pendency of this case.

Further, the defendant and members of the defense team shall not communicate with John Doe #3 and #4 (both of whom are minors) or their parents during the pendency of this case.

IT IS SO ORDERED.

THE HONORABLE KIMBERLY J. MUELLER
UNITED STATES DISTRICT JUDGE

3