McGREGOR W. SCOTT
United States Attorney
MICHELE BECKWITH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-008 KJM |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY |
| v. | |
| TARIQ ARRHAMANN MAJID, | |
| Defendant. | |

The United States of America, through its undersigned attorney, and the defendant, through his undersigned attorney, hereby stipulate as follows:

1. This Court may enter protective orders pursuant to Fed. R. Crim. P. 16(d), 18 U.S.C. §§ 3509(d)(3) and 3771(a), and its general supervisory authority.

2. This order pertains to all discovery provided or made available to defense counsel that contains the name of, or other potentially identifying information about, a victim or child witness and to "Personal Identifying Information," as defined herein (collectively referred to as "protected discovery"). The term "Personal Identifying Information" (PII) includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7) or any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1).

3. Defense counsel shall not disclose any of the protected discovery or its contents directly or indirectly to any person other than their respective defendant/client, potential witnesses that they are interviewing or preparing for trial, counsel for those witnesses, or anyone employed by defense counsel

1

(such as attorneys, paralegals, secretaries, experts, investigators, and law clerks) in connection with the representation of the defendant in this criminal case. Nothing in this order supersedes or should be read to contradict the no-contact order previously entered in this case by the District Court concerning contact by the defendant with alleged victims. *See* ECF No. 21.

4. To the extent that notes are made that memorialize, in whole or in part, the PII in any protected discovery, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become protected discovery subject to the protective order and must be handled in accordance with the terms of the protective order.

5. While the defendant is in custody, defendant may view the protected discovery in the presence of defense counsel, but may not retain a copy or otherwise disseminate the contents of such discovery. If the defendant is released from custody, and requests a copy of his client file from defense counsel, the defendant may obtain a copy of the protected discovery, so long as defense counsel first redacts the victims' (and the victims' parents') names and any other information that could be used to identify or contact the victims before providing him with the copy he requests. The defendant agrees not to disclose the protected discovery or its contents in accordance with 18 U.S.C. § 3509(d)(1).

6. The protected discovery and information contained or described therein may only be used in connection with the litigation of this case and for no other purpose.

7. In the event that a party needs to file protected discovery containing PII, or materials otherwise identified as containing confidential information of victims, witnesses, or third parties with the Court, or disclose PII in court filings, the filing should be made under seal or with all PII or confidential materials redacted. The party seeking to file such information shall make all reasonable attempts to avoid the divulging of PII or confidential materials.

8. In the event the defendant obtains habeas counsel, undersigned counsel may provide habeas counsel with a copy of the protected discovery after habeas counsel has been provided a copy of this order. Habeas counsel shall also be subject to this order and must abide by its provisions concerning defense counsel.

9. Defense counsel will store the protected discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this order or 18 U.S.C. §

3509(d).

10. If defense counsel makes, or causes to be made, any further copies of any of the protected discovery, defense counsel will ensure that the following notation is physically written or inscribed on each copy made, if the confidentiality of the documents is otherwise not already present on the copied file(s): "CONFIDENTIAL – May Not Be Disseminated Except in Accordance With Court Protective Order." For example, if defense counsel makes a copy of an audio or video file that falls within the protections of this order, she must physically mark the copy of that file with: "CONFIDENTIAL – May Not Be Disseminated Except in Accordance With Court Protective Order."

11. If defense counsel releases custody of any of the protected discovery, or authorized copies thereof, to any person described in paragraph three, defense counsel shall first provide such recipients with copies of this order. The parties agree that defense counsel, defense investigators and support staff shall not provide the protected discovery to the defendant or any other witness or copies of the protected discovery, except for the limited situations identified in this order.

12. Defense counsel shall advise government counsel of any subpoenas, document requests or claims for access to the protected discovery by third parties if defense counsel is considering disseminating any of the protected discovery to a third party so that the government may take action to resist or comply with such demands as it may deem appropriate.

13. Defense counsel shall be responsible for advising the defendant, or her client, her employees and other members of the defense team, and defense witnesses of the contents of this order. Defense counsel shall not provide or make available to any person described in paragraph three the protected discovery until that individual has been provided a copy of this Order by defense counsel.

14. The parties agree to abide by 18 U.S.C. § 3509(d)(2) with regard to court filings.

15. If it becomes necessary to refer to a victim or child witness during any public court proceeding or in a public court filing, the parties shall use agreed upon pseudonyms, such as "victim 1."

16. This order does not limit employees or contractors of the United States Attorney's Office for the Eastern District of California from disclosing the protected discovery to members of or contractors for the United States Attorney's Office, law enforcement agencies, the Court, and the defense.

17. The provisions of the Oder shall not terminate at the conclusion of this prosecution. All protected discovery subject to this order maintained in the defense team's files shall remain subject to the order unless and until such order is modified by the Court.

18. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this protective order before any protected discovery may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become defense counsel for purposes of this protective order, and become the defense team's custodian of materials and shall become responsible, upon the conclusion of the appellate and post-conviction proceedings, for complying with this order.

19. Nothing in this order shall preclude a party from seeking a more restrictive protective order or other court order with regard to particular discovery items.

20. Nothing in the order shall be construed to affect or comment on the admissibility or discoverability of the protected discovery, and nothing in this order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Dated: February 14, 2020

McGREGOR W. SCOTT
United States Attorney

By: /s/ Michele Beckwith
Michele Beckwith
Assistant United States Attorney

Dated: February 14, 2020

By: /s/Linda Allison
Linda Allison
Assistant Federal Defender

**ORDER**

IT IS SO ORDERED

Dated: February 14, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE