1  PHILLIP A. TALBERT
   Acting United States Attorney
2  MICHELE BECKWITH
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile:  (916) 554-2900
5
   Attorneys for Plaintiff
6  United States of America

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,          | CASE NO.  2:19-CR-0008-KJM
12 |                      Plaintiff,     | STIPULATION REGARDING EXCLUDABLE
   |                                     | TIME PERIODS UNDER SPEEDY TRIAL ACT;
13 |                 v.                  | FINDINGS AND ORDER
14 | TARIQ ARRHAMANN MAJID,              | DATE: November 15, 2021
   |                                     | TIME: 9:00 a.m.
15 |                      Defendant.     | COURT: Hon. Kimberly J. Mueller

16

17         This case was set for status conference on November 15, 2021.  The parties hereby stipulate to

18 continue the status conference to December 13, 2021, and to exclude time between those dates for the

19 reasons set forth below.

20         On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

21 Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's

22 declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's

23 Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district

24 judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders,

25 as well as the declarations of judicial emergency, were entered to address public health concerns related

26 to COVID-19.  Although the Court has begun to hold trials, less than a dozen criminal jury trials have

27

28      _____
        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
        request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
        will impact court staff and operations."  General Order 618 ¶ 7 (E.D. Cal. May 13, 2020).

   STIPULATION REGARDING EXCLUDABLE TIME                    1
   PERIODS UNDER SPEEDY TRIAL ACT

1    occurred to date in the district.  Trials are generally taking longer due to COVID-19 precautions (e.g.,

2    shorter trial dates, longer jury selection, etc.) and in some instances have been put on "pause" midway

3    through to ensure that a COVID-19 exposure would not affect the trial.

4         Although the General Orders and declarations of emergency address the district-wide health

5    concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

6    "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

7    findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

8    record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

9    failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

10   (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

11   findings on the record "either orally or in writing").

12        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

13   and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

14   emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

15   judge granted such continuance on the basis of his findings that the ends of justice served by taking such

16   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

17   § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

18   the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

19   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

20        The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

21   18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

22   continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

23   discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

24   week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

25   764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

26   *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

27   exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

28   The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

STIPULATION REGARDING EXCLUDABLE TIME                    2
PERIODS UNDER SPEEDY TRIAL ACT

1    by the statutory rules.

2            In light of the societal context created by the foregoing, this Court should consider all of these

3    circumstances, as well as the following case-specific facts in finding excludable delay appropriate in this

4    particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this

5    Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172,

6    1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

7                                        **STIPULATION**

8            Plaintiff United States of America, by and through its counsel of record, and defendant, by and

9    through defendant's counsel of record, hereby stipulate as follows:

10           1.        By previous order, this matter was set for status on November 15, 2021.

11           2.        By this stipulation, defendant now moves to continue the status conference until

12   December 13, 2021, and to exclude time between November 15, 2021, and December 13, 2021, under

13   18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

14           3.        The parties agree and stipulate, and request that the Court find the following:

15                   a)        The government has represented that the discovery associated with this case

16           includes investigative reports, audio and video recordings, and reports of interview, among other

17           documents.  All of this discovery has been either produced directly to counsel and/or made

18           available for inspection and copying.  The government has continued to provide additional

19           discovery throughout the pendency of the case.

20                   b)        Counsel for defendant desires additional time to consult with her client, to review

21           the current charges, to conduct investigation and research related to the charges, including how

22           they intersect with pending state charges, to review and copy discovery for this matter, to discuss

23           potential resolutions with her client, and to otherwise prepare for trial, if necessary.  The

24           government and defense counsel are also continuing to research how the federal charges and

25           state charges intersect in terms of any custodial sentence that may be imposed and they intend to

26           further discuss those issues, which will potentially bear on trial decisions.

27

28           [2] The parties note that General Order 612 acknowledges that a district judge may make
     "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
     Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME                    3
PERIODS UNDER SPEEDY TRIAL ACT

c)       Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)       The government does not object to the continuance.

e)       Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 15, 2021 to December 13, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.       Failure to exclude time under these circumstances would result in a miscarriage of justice under 18 U.S.C. 3161(h)(7)(B)(i).

Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  November 9, 2021                              PHILLIP A. TALBERT
                                                                        Acting United States Attorney


                                                                        /s/ MICHELE BECKWITH
                                                                        MICHELE BECKWITH
                                                                        Assistant United States Attorney


Dated:  November 9, 2021                              /s/ Linda Allison
                                                                        Linda Allison
                                                                        Counsel for Defendant
                                                                        TARIQ ARRHAMANN MAJID

///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

1

2

3

4 **FINDINGS AND ORDER**

5      IT IS SO FOUND AND ORDERED.   The status conference set November 15, 2021 is

6 VACATED and RESET for December 13, 2021, and time is excluded between November 15, 2021 and

7 December 13, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

8 DATED:  November 10, 2021.

9

10 _____
CHIEF UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME                    5
PERIODS UNDER SPEEDY TRIAL ACT