PHILLIP A. TALBERT
Acting United States Attorney
MICHELE BECKWITH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-cr-0008 KJM |
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| TARIQ ARRHAMANN MAJID, | |
| Defendant. | |

## I.   **INTRODUCTION**

A.   **Scope of Agreement.**

   The indictment in this case charges the defendant with violations of Title 18, United States Code, Sections 2251(A), Sexual Exploitation of Children, and 2252(a)(2), Receipt of Material Involving the Sexual Exploitation of Children. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

B.   **Rule 11(c)(1)(C) Specific Sentence Agreement.**

   The government and the defendant agree that a specific sentencing range, set forth below in paragraph III.B.1, would be appropriate in this case. Consequently, this plea agreement is being offered

PLEA AGREEMENT                                    1

1  to the Court pursuant to Fed. R. Crim. P. 11(c)(1)(C).

2       Under the provisions of Fed. R. Crim. P. 11(c)(3)(A), the Court may accept or reject the plea

3  agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity

4  to consider the presentence report.  If the Court accepts the plea agreement, the Court will inform the

5  defendant that it will embody in the judgment and sentence the disposition provided for in this plea

6  agreement.  If the Court rejects this plea agreement, the Court shall so advise the defendant, allow the

7  defendant the opportunity to withdraw his plea, and advise him that if he persists in a guilty plea the

8  disposition of the case may be less favorable to him than is contemplated by this plea agreement.

9      **II.**      **DEFENDANT'S OBLIGATIONS**

10      **A.**    **Guilty Plea.**

11       The defendant will plead guilty to counts one and two of the pending indictment, both of which

12  charge violations of Title 18, United States Code, Section 2251(a), Sexual Exploitation of Children.  The

13  defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis

14  for Plea attached hereto as Exhibit A are accurate.

15       The defendant agrees that this plea agreement will be filed with the Court and become a part of

16  the record of the case.  The defendant agrees not to ask the Court to withdraw his guilty plea at any time

17  after it is entered unless the Court declines to accept the sentencing range agreed to by the parties.

18       The defendant agrees that the statements made by him in signing this Agreement, including the

19  factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by

20  the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a

21  guilty plea pursuant to this Agreement.  The defendant waives any rights under Fed. R. Crim. P. 11(f)

22  and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this plea

23  agreement generally.

24      **B.**    **Restitution.**

25       The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of

26  certain offenses.  Defendant agrees that his conduct is governed by the Mandatory Restitution Act

27  pursuant to 18 U.S.C. §§ 2259(a), (c) and 3663A(c)(1)(B) and agrees to pay the full amount of

28  restitution to all victims of his crimes in the amount determined by the Court.

Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct.  The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.  Payment of restitution shall be by cashier's or certified check made payable to the Clerk of the Court.

**C.**   **Fine.**

The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a fine, and that no fine should be imposed. The defendant understands that it is the defendant's burden to affirmatively prove that he is unable to pay a fine and agrees to provide a financial statement under penalty of perjury to the Probation Officer and the government in advance of the issuance of the draft Presentence Investigation Report, along with supporting documentation. The government retains the right to oppose the waiver of a fine. If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered by the Court, up to the statutory maximum fine for the defendant's offenses.

**D.**   **Special Assessment.**

The defendant agrees to pay a special assessment as ordered by the Court at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing.  The defendant agrees that this special assessment will include:

1.  A mandatory special assessment of $200 under 18 U.S.C. § 3013; and

2.  A mandatory special assessment of $5,000 under 18 U.S.C. § 3014 if the Court determines that the defendant is a non-indigent person for purposes of 18 U.S.C. § 3014;

If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to

PLEA AGREEMENT                                            3

earn the money to pay the assessment, if necessary, by participating in the Inmate Financial
Responsibility Program.

       **E.**     **<u>Violation of Plea Agreement by Defendant/Withdrawal of Pleas.</u>**

       If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea (other than as specified in this agreement), this plea agreement is voidable at the option of the government.  If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein.  A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or by engaging in any post-plea conduct constituting obstruction of justice.

       The government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement.  The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

       By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision.  Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.  The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

       In addition, (1) all statements made by the defendant to the government or other designated law

1    enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,

2    whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or

3    administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no

4    claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal

5    Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by

6    the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed.

7    By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

8    **F.    Forfeiture.**

9         The defendant agrees to forfeit to the United States voluntarily and immediately all of his right

10   title and interest to any and all assets subject to forfeiture pursuant to18 U.S.C. § 2253(a).  Those assets

11   include, but are not limited to, the following:

12        1.    Toshiba Hard Disk Drive, serial number 943BTNQPTYP3;

13        2.    79 Digital Video Disks;

14        3.    Hitachi Hard Disk Drive;

15        4.    Western Digital My Passport, serial number WXE1A1706YKU;

16        5.    Toshiba Hard Disk Drive, serial number 943BTNQPTYP3;

17        6.    Emachine Desktop Tower, serial number PTND5P2002220024773000;

18        7.    Alienware laptop;

19        8.    Black and orange SP Armor HDD drive;

20        9.    Black and green SP Armor HDD drive;

21        10.   Black and green SP Armor HDD drive;

22        11.   Black Apple iPhone;

23        12.   Black USB pen camera; and

24        13.    All SD cards, compact discs, hard drives, or other electronic storage devices seized from

25   defendant that contain visual depictions of minors engaged in sexually explicit conduct.

26        The defendant agrees that the listed assets constitute property involved in or traceable to a

27   violation 18 U.S.C. §§ 2251(a) and 2252(a)(2).

28        The defendant agrees to fully assist the government in the forfeiture of the listed assets and to

PLEA AGREEMENT                              5

take whatever steps are necessary to pass clear title to the United States.  The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated.  The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets.  The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding.  The defendant agrees to waive any jeopardy defense and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions.

The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

G.      **Asset Disclosure.**

The defendant agrees to make a full and complete disclosure of his assets and financial condition and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change of plea, including supporting documentation.  The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.0 above.

III.      **THE GOVERNMENT'S OBLIGATIONS**

A.      **Dismissals/Other Charges.**

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending Indictment (counts three and four) and agrees not to bring any other

charges arising from the conduct outlined in the Factual Basis attached hereto as Exhibit A.  The

government also agrees not to reinstate any dismissed count except if this plea agreement is voided as

set forth in this plea agreement generally, or as specifically provided in paragraphs II.E (Violation of

Plea Agreement by Defendant/Withdrawal of Plea) and VII.B (Waiver of Appeal and Collateral Attack)

herein.

**B.**   <u>**Recommendations.**</u>

1.   Incarceration Range.

The government will recommend that the defendant be sentenced to a range of 25 to 30 years in

custody.  The United States will also recommend under U.S.S.G. § 5G1.3 that the sentence imposed in

this case be imposed to run concurrently with the sentence to imposed by the Superior Court of the State

of California, Solano County, in case number VCR233387, because the conduct in that case is relevant

conduct to the present case.  Finally, the government will recommend a lifetime term of supervised

release.

2.   Acceptance of Responsibility.

The government will recommend a three-level reduction in the computation of his offense level

if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G.

§ 3E1.1.  This includes the defendant meeting with and assisting the probation officer in the preparation

of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise

engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either

in the preparation of the pre-sentence report or during the sentencing proceeding.

**C.**   <u>**Use of Information for Sentencing.**</u>

The government is free to provide full and accurate information to the Court and Probation,

including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate

statements or arguments by the defendant, his attorney, Probation, or the Court.  The defendant also

understands and agrees that nothing in this Plea Agreement bars the government from defending on

appeal or collateral review any sentence that the Court may impose.

**IV.**   <u>**ELEMENTS OF THE OFFENSE**</u>

At a trial, the government would have to prove beyond a reasonable doubt the following

PLEA AGREEMENT                                                   7

elements of the offenses to which the defendant is pleading guilty, Sexual Exploitation of Children, in violation of Title 18, United States Code, Section 2251(a):

1. First, at the time of the offenses charged in Counts 1 and 2, the victims named in those counts were under the age of eighteen years;

2. Second, the defendant employed, used, persuaded or coerced the victims named in Counts 1 and 2 to take part in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct; and,

3. Third, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

The defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.      MAXIMUM SENTENCE

### A.      Maximum Penalty.

The maximum sentence that the Court can impose is 30 years of incarceration for each count for a total of 60 years, a fine of $250,000 for each count, a minimum term of 5 years and up to a lifetime period of supervised release for each count, and a special assessment of $100 for each count (although higher special assessments could result if the court finds the defendant to be non-indigent). The mandatory minimum for each count is 15 years, which could run consecutively, but that is not recommended by the parties. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B.      Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve additional years imprisonment, including the potential for imposition of a five-year

1  mandatory minimum sentence upon revocation.

2  **VI.    SENTENCING DETERMINATION**

3  **A.    Statutory Authority.**

4  The defendant understands that the Court must consult the Federal Sentencing Guidelines and
5  must take them into account when determining a final sentence.  The defendant understands that the
6  Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the
7  Sentencing Guidelines and must take them into account when determining a final sentence.  The
8  defendant further understands that the Court will consider whether there is a basis for departure from the
9  guideline sentencing range (either above or below the guideline sentencing range) because there exists
10  an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into
11  consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further
12  understands that the Court, after consultation and consideration of the Sentencing Guidelines, must
13  impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

14  **B.    Estimated Guideline Calculation.**

15  The government and the defendant agree that the following is their present best estimate of the
16  sentencing guidelines variables.  These estimates shall not be binding on the Court, the Probation Office,
17  or the parties:

18  1.    Base offense Level:  The base offense level is 32 under U.S.S.G. § 2G2.1(a)

19  2.    Specific Offense Characteristics:

20  • 4 levels are added under § 2G2.1(b)(1) because the victim in count 1 had
21  not attained the age of 12;

22  3.    Chapter Three Adjustment:

23  • <u>Multiple Victims</u>:  Under § 2G2.1(d), because the defendant committed
24  offenses against more than one minor, Chapter 3, Part D is applied as if
25  the exploitation of each minor had been contained a separate count of
26  conviction.  Under application note 7, if the relevant conduct of an offense
27  of conviction includes more than one minor being exploited, whether
28  specifically cited in the count of conviction or not, each such minor shall

be treated as if contained in a separate count of conviction.  In this case, there are other minors whose sexual exploitation by defendant were recorded in visual depictions.  Thus, under § 3D1.4, the units are calculated as follows:

- o  Count One:  Offense Level 38 (victim under under 12) = 1 unit
- o  Count Two: Offense level 36 (victim between 12 and 16) = 1 unit
- o  John Doe 5: Offense level 38 = 1 unit
- o  John Doe 6: Offense level 38 = 1 unit
- o  John Doe 8: Offense level 38 = 1 unit
- o  Total Calculation:  4 levels are added under 3D1.4.

- • Acceptance of Responsibility: See paragraph III.B.2 above

4. Chapter 4 Adjustment: 5 levels are added under U.S.S.G. § 4B1.5(b), because the defendant's offense is a covered sex crime and he engaged in a pattern of activity involving prohibited sexual conduct.

5. Overall Offense Level: The overall offense level is 45 before acceptance of responsibility and 42 after subtracting three points.

6. Estimated Guidelines Range: The parties estimate that defendant's criminal history category is I, and therefore, his estimated Guidelines range is 360 months to LIFE.

## VII.   WAIVERS

### A.   Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

PLEA AGREEMENT                                    10

**B.**    <u>Waiver of Appeal and Collateral Attack.</u>

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence.  The defendant agrees as part of his pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed 60 years (i.e., which would be consecutive statutory maximum sentences).  The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty.  The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case.  The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

If the defendant ever attempts to vacate his pleas, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section Ⅱ.Ε herein. ᵀᴹᴮ 𝒦𝒸𝒶

**C.**    <u>Waiver of Interstate Agreement on Detainers Act</u>

The defendant has discussed with his attorney the potential application of the Interstate Agreement on Detainers Act (IADA) to the above-captioned federal case.  The defendant knowingly and voluntarily waives any right or claim he may have under the IADA to the above-captioned federal case as it relates to the above-referenced case pending in Solano County.

**D.**    <u>Sex Offender Registration.</u>

Defendant understands that by pleading guilty, defendant will be required to register as a sex

1   offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. §

2   3583(d).  Defendant also understands that independent of supervised release, he will be subject to

3   federal and state sex offender registration requirements, and that those requirements may apply

4   throughout his life.  The defendant understands that he shall keep his registration current, shall notify the

5   state sex offender registration agency or agencies of any changes to defendant's name, place of

6   residence, employment, or student status, or other relevant information.  Defendant shall comply with

7   requirements to periodically verify in person his sex offender registration information.  Defendant

8   understands that he will be subject to possible federal and state penalties for failure to comply with any

9   such sex offender registration requirements.  If he resides in California following release from prison, he

10  will be subject to the registration requirements of California Penal Code Section 290, et seq.  Defendant

11  further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement

12  agencies upon his release from confinement following conviction.  As a condition of supervised release,

13  defendant shall initially register with the state sex offender registration in California, and shall also

14  register with the state sex offender registration agency in any state where defendant resides, is

15  employed, works, or is a student, as directed by the Probation Officer.  The defendant shall comply with

16  all requirements of federal and state sex offender registration laws, including the requirement to update

17  his registration information.  Defendant shall provide proof of registration to the Probation Officer

18  within 72 hours of release from imprisonment.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

PLEA AGREEMENT                               12

## VIII.   **ENTIRE PLEA AGREEMENT**

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.   **APPROVALS AND SIGNATURES**

### A.   **Defense Counsel.**

I have read this plea agreement and have discussed it fully with my client.  The plea agreement accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated:

_____
LINDA ALLISON
Attorney for Defendant

### B.   **Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this plea agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.  Finally, I am satisfied with the representation of my attorney in this case.

Dated:

_____
TARIQ ARRHAMANN MAJID
Defendant

### C.   **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated:  3/21/22

PHILLIP A. TALBERT
Acting United States Attorney

_____
MICHELE BECKWITH
Assistant United States Attorney

PLEA AGREEMENT                                         13

EXHIBIT "A"

Factual Basis for Plea(s)

In October 2018, a CHP Investigator began a peer-to-peer CP trading investigation.  He accessed the Child Protective System (CPS) and searched for Internet Protocol (IP) addresses that were actively sharing child pornography.  The Child Protective System (CPS) is an online tool that browses several peer-to-peer (P2P) networks, searches for known child pornography files by SHA 1 Hash value, and identifies the IP addresses that are downloading or requesting these files.

Through these tools, he observed that IP address 73.170.194.164 was linked to the download of at least 1,588 child pornography-related files between July 18 and October 12, 2018.  The investigator obtained a search warrant for the subscriber information related to IP address 73.170.194.164, and identified an address in Vallejo, California, at which it was ultimately discovered the defendant TARIQ ARRHAMANN MAJID resided.

After obtaining a search warrant for the residence, investigators identified MAJID's room.  One of the other residents at the house stated that MAJID often had children come to the house to play video games in his room.  Investigators seized approximately thirteen items of electronic evidence from MAJID's room.  One of the investigators performed a live preview of a laptop found in MAJID's room.  He navigated to the file path: ThisPC\Downloads\eMule\Incoming, and noted that it contained 60 files.  He was able to see approximately 20 files, which were all videos.  These video files all had file names consistent with child pornography terms such as pthc (preteen hardcore), 10yo and 12yo.  He viewed the files' thumbnail pictures and identified 11 of these thumbnails as child pornography.

MAJID was located and arrested, and a warrant was obtained to search his person and vehicle, which is a Dodge Charger with distinctive paintings of dragons on it.  In subsequent interviews with Vallejo community members, it was noted that children often flocked to his colorful car when he pulled into various apartment complexes.  Upon his arrest, officers seized a cellphone, 2 hard drives, a USB drive, and Xbox with an external hard drive.

One of the hard drives contained images and videos of the recorded sexual abuse described below, as well as similar images of other minor victims.  The device also contained footage of what appeared to be hidden camera footage set up by MAJID in various bathrooms.  The images show

PLEA AGREEMENT                                      A-1

1  children being videotaped using the shower and toilet. At least one potential victim indicated in a

2  subsequent interview that MAJID often went to the bathroom before kids would use it to ostensibly

3  "wipe it down" and then afterwards to ensure "nothing was stolen."

4       During the search of MAJID's bedroom and the subsequent search of multiple devices,

5  investigators discovered a number of photographs and videos depicting the sexual abuse of minors. The

6  abuse included fondling of genitals by the hand of an adult black male resembling MAJID's. The videos

7  also depicted a bed and bedding similar to MAJID's.

8       Approximately 150 images and videos were discovered during the search that depicted the

9  sexual assault of John Doe 1 and John Doe 2.

10       Among those, investigators located file "DSCF2239.JPG" on a Toshiba Hard Disk Drive seized

11  from MAJID's room. This file is the ninth in a series and depicts John Doe 1 apparently asleep in a

12  supine position on bed sheets that closely resemble MAJID's bedding. This image depicts John Doe 1's

13  pants and underwear pulled aside so that his genitalia are exposed while a black adult male hand

14  manipulates the child's penis. John Doe 1 appears to be prepubescent in this image based on his

15  physical attributes. According to this file's metadata, the image was taken on January 4, 2011, by a

16  FUJIFILM FinePix JX310 digital camera, which was manufactured outside the United States. Based on

17  the subsequent identification of John Doe 1, investigators learned that he would have been 9 years old at

18  the time of the abuse based on the image's time stamp. John Doe 1 was identified during an interview

19  of MAJID. Investigators later found the child and he identified himself in the series of images and noted

20  that the room and the bed belonged to MAJID. The image shows red, velvety blankets like those that

21  were seized from MAJID's bed during the search.

22       Investigators also found the file "HBO.AVI" while searching a Hitachi Portable Hard Disk Drive

23  found in MAJID's room. The file is a color video, one minute and twenty-seven seconds in length. This

24  video file depicts John Doe 2 lying shirtless in a supine position on bed sheets that closely resemble

25  MAJID's bedding, as well as a distinctive tiger blanket later found in MAJID's storage unit that was

26  searched pursuant to a warrant. The victim's shorts and underwear are pulled aside so that his genitalia

27  are exposed and a black male adult hand masturbates John Doe 2's penis. John Doe 2 appears to be

28  asleep or unconscious throughout the video. Based on the video's metadata, it was taken on September

2, 2012, using the same FUJIFILM FinePix JX310 digital camera, which was manufactured outside the United States.  Based on John Doe 2's date of birth, he would have been fourteen years old at the time of the abuse based on the video's time stamp.

During a recorded, custodial interview that took place following a *Miranda* advisement, MAJID identified photos of his room and bed and confirmed they were his.  He was shown a photo depicting John Doe 1, who appeared to be unconscious on a bed similar to MAJID's.  MAJID identified the boy as [John Doe 1] and admitted to exposing the boy's genitalia and photographing him.  MAJID was shown a second photo depicting the sexual assault of John Doe 2 and identified the minor by name.  He admitted to taking the photos and a video in which the boy's genitals were fondled.

During the interview, MAJID identified images depicting the genitals of a third victim as being the younger sister of John Doe 2.  MAJID indicated that investigators likely would find 4-5 additional victims of such recorded abuse in the devices they had seized.

Multiple other potential victims were located.  One such individual, John Doe 4, indicated that MAJID would show up at his apartment complex and kids would come to visit with him.  When he visited with MAJID, MAJID would choose one kid to spend the night at his place.

Another minor, John Doe 13, reported that he did not like MAJID because he would wrestle and play games that made him feel uncomfortable, especially a "tickles" game.  Another minor, Jane Doe 3, reported that she spent many nights at MAJID's.  After learning that MAJID had been charged with child pornography offenses, her little brother, John Doe 12, stated that he thought he would be one of the children in those pictures.

John Does 4, 5, 6, 8 and 24 have been identified as additional victims based the investigation to date, which included a review of the electronic evidence seized from MAJID.

_____
TARIQ ARRHAMANN MAJID
Defendant

PLEA AGREEMENT                                          A-3