PHILLIP A. TALBERT
United States Attorney
MICHELE BECKWITH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:19-CR-008 KJM |
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | |
| TARIQ ARRHAMANN MAJID, | |
| Defendant. | |

The United States submits this sentencing memorandum in support of the parties' plea agreement.  Specifically, the government requests that the Court accept the plea agreement and sentence the defendant to 30 years imprisonment, consistent with the agreed upon sentencing range set forth in the parties' Rule 11(c)(1)(C) agreement.  A sentence of 30 years corresponds to the statutory maximum for the offenses to which defendant has pleaded guilty, and it is also within the Guideline range accurately calculated in the presentence investigation report ("PSR").  Moreover, such sentence will satisfy the statutory sentencing factors set forth in 18 U.S.C. § 3553(a) and, perhaps most importantly, it will achieve justice without risking potential re-traumatization of the victims at trial.

Assuming the Court accepts the plea agreement and sentences the defendant within the agreed upon range of 25 to 30 years, the government requests, pursuant to U.S.S.G. § 5G1.3, that such sentence run concurrent to any sentence imposed by the Superior Court of the State of California, Solano County, in case number VCR233387.  It also requests that the Court impose a lifetime term of supervised release.

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The defendant was arrested in November 2018 by the California Highway Patrol Computer Crimes Investigation Unit, which had been conducting an investigation of internet protocol (IP) addresses that were trading a high volume of files containing child pornography.  PSR ¶ 5.  The investigators ultimately executed a search warrant at defendant's residence and found numerous electronic devices and hard drives.  The search revealed that defendant had downloaded no fewer than 1,588 child pornography files between July and October of 2018.  The defendant was arrested on state charges for the possession of such material and was released shortly thereafter.  PSR ¶ 17.  In reviewing the seized material, investigators discovered photos and video recordings of the defendant's sexual abuse of two minors.  PSR ¶ 7.  Investigators eventually identified the two child victims depicted in the videos and the defendant ultimately admitted that he was the person abusing them in the videos.  ECF No. 55, at A-3.

While the state charges against the defendant were still pending, he was arrested on federal charges in connection with his recorded sexual abuse of the two minors.  ECF No. 1-3.  In January 2019, the grand jury returned an indictment charging him with two counts of sexual exploitation of a minor and two counts of receipt of material involving sexual exploitation of minors.  ECF No. 8.

As this case proceeded, the Highway Patrol continued its investigation.  They learned that the defendant had a history of contact with economically-disadvantaged children, and that he would purport to be their mentor while grooming them for abuse.  PSR ¶¶ 10.  The Solano County District Attorney's Office ultimately amended the initial state court complaint to include several charges of sexual abuse related to the victims who came forward following defendant's arrest.  *See* PSR ¶¶ 55-58. Those charges remain pending, and it is the United States' understanding that several of the state charges carry the potential for a life sentence.

On March 21, 2022, after extensive negotiations, the defendant entered into a plea agreement with the government and pleaded guilty to counts one and two of the indictment, which alleged separate counts of child sexual exploitation.  ECF No. 55.  As set forth in the factual basis, count one concerns the defendant's recorded sexual abuse of John Doe 1 (aged 9 at the time of the abuse) and count two concerns the defendant's recorded sexual abuse of John Doe 2 (aged 14 at the time of the abuse).  ECF

No. 55.

The plea agreement was made pursuant to Rule 11(c)(1)(C), wherein the parties agreed to a sentencing range of between 25 to 30 years imprisonment.  Under the agreement, if the Court declines to accept the agreement and decides to sentence outside that range, the defendant has the right to withdraw his guilty plea.  The defendant confirmed his understanding of this during the Rule 11 plea colloquy.  Additionally, pursuant the plea agreement, the government asks the Court to recommend that the sentence imposed in this case run concurrent to any sentence imposed in the pending and related Solano County case.

The plea agreement sets out estimated Guidelines calculations, which ultimately accord with the applicable Guidelines range calculated by the probation officer.[1]  *See* PSR ¶¶ 49, 101.  Specifically, the total offense level is 42 and the criminal history category is I, resulting in a sentencing range of 360 months to life.  However, the statutory maximum for each count of conviction is 30 years.

The probation officer's recommendation varies slightly from the parties' agreement, as it recommends that a portion of the sentence for count two be imposed consecutively to count one for a total a recommended sentence of 35 years.  *See* PSR, Sentencing Recommendation.  The parties urge the Court not to accept that recommendation and instead to accept the parties' plea agreement and sentence the defendant within the agreed upon range of 25 to 30 years imprisonment.  Specifically, the government asks that the Court sentence the defendant to 30 years in prison, which would require that counts one and two run concurrently.  Such a sentence is sufficient to achieve justice for the charged offenses and will have the added benefit of saving the victims from the potential stress of a trial.[2]

## II.    RELEVANT SENTENCING CONSIDERATIONS

The recommended sentence of 30 years is sufficient to satisfy all of the relevant statutory sentencing factors.  Not only does it represent the statutory maximum for each count of conviction, but it also falls within the applicable Guidelines range.

---

[1] Although the parties' estimation concerning the multiple count adjustment differs from that of the probation officer, their ultimate calculation of the total offense level is the same.  PSR ¶ 49.  Neither party objected to the PSR's assessment, and the government asks the Court to adopt the calculations.

[2] It is the government's understanding that the investigators contacted the victims to determine if they wished to submit victim impact statements.  One was not unresponsive and the other declined to submit such a statement.

1    The nature and circumstances of the offense were abhorrent.  The investigation revealed that the

2  defendant targeted children from disadvantaged backgrounds and that he, with respect to the counts of

3  conviction, recorded himself touching the penises of two minor victims who appeared to be sleeping.

4  The history and characteristics of the defendant also support imposition of a 30-year sentence.  Although

5  the defendant appears to have had a successful stint in the military and has never before been convicted

6  of a crime, it seems that this is because he simply was never caught or successfully prosecuted.  *See* PSR

7  ¶¶ 67-68.  The evidence uncovered revealed that he targeted multiple children, recording them while

8  they were in his bathroom and otherwise abusing them.  PSR ¶¶ 50-58.  Indeed, much of that conduct is

9  the subject of the pending state charges, some of which carry even more significant penalties than in this

10  case.

11    A sentence of 30 years is sufficient to reflect the seriousness of the offense, to promote respect

12  for the law, and to provide just punishment.  It will also promote adequate deterrence, as it reflects the

13  statutory maximum for the offenses of conviction.  It will also specifically deter the defendant, who is

14  44 years old and is likely to spend to most of the rest of his life, if not the rest of his life, in prison based

15  on this sentence and the potential outcome in the pending state case.  Even if he were to be released, he

16  would be elderly and under a lifetime term of supervised release, should the Court impose it.  Thus, this

17  sentence will achieve the goal of protecting the public from his further crimes.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

### III.      <u>CONCLUSION</u>

The United States requests that the Court accept the parties' plea agreement and sentence the defendant to a term of 30 years imprisonment, followed by a lifetime term of supervised release.  It is also the government's recommendation that, pursuant to U.S.S.G. § 5G1.3, the sentence imposed in this case be ordered to run concurrently with any sentence imposed by the Superior Court of the State of California, Solano County, in case number VCR233387.

Dated:  September 29, 2022

PHILLIP A. TALBERT
United States Attorney


By:  /s/ MICHELE BECKWITH
MICHELE BECKWITH
Assistant United States Attorney