HEATHER E. WILLIAMS, #122664
Federal Defender
LINDA ALLISON, #179741
Assistant for the Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700
Fax: 916-498-5710
Linda_allison@fd.org

Attorneys for Defendant
TARIQ MAJID

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 2:19-cr-0008-KJM |
| Plaintiff, | ) MR. MAJID'S SENTENCING |
| | ) MEMORANDUM |
| v. | ) |
| | ) Date: October 17, 2022 |
| TARIQ MAJID, | ) Time: 9:00 a.m. |
| | ) Chief Judge: Hon. Kimberly J. Mueller |
| Defendant. | ) |

## I.   BACKGROUND

Mr. Majid pled guilty on March 21, 2022. His plea was made pursuant to 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Pursuant to this plea, if the Court rejects the parties recommended total sentence (between 25 to 30 years), then Mr. Majid may withdraw his guilty plea. The parties have agreed to recommend a sentence within 25 to 30 years as the total sentence in this case. The parties have also agreed that the Court should recommend that this sentence run concurrently to Solano County Case #VCR233387 as the charged conduct in that case in the same conduct that informs the guidelines in this case.

The probation officer in this case recommends a sentence of 420 months. If the Court follows this recommendation, it would be a rejection of the specific plea agreement the parties entered into.

## II.  THE APPLICABLE GUIDELINES

The defendant does not oppose the guidelines set forth in the presentence report. Although the parties calculated the adjustments somewhat differently than probation, the outcome remains the same and the defense does not object to the calculations set forth in the report. The guidelines, however, only represent one factor that this Court must consider under 18 U.S.C. 3553.

## III.  THE REQUESTED SENTENCE

18 U.S.C. 3553 sets out many factors, in addition to the Guidelines, the Court should consider in mitigation. Those are more fully discussed below. As the Court is aware, the objective here is to impose a sentence that is 'sufficient, but no greater than necessary' to accomplish the goals of sentencing. A 25 year sentence is extremely long by any measure. If this Court wants to make sure to send a general or specific deterrent, wants to punish the defendant or provide time for rehabilitation – every single one of those sentencing goals should be satisfied by a 25 year sentence.

The defense requests that this Court sentence Mr. Majid to 25 years in custody, with a 15 year term of supervised release to follow, the $200 special assessment, no fine, and restitution as required by statute. The parties also jointly request that the Court recommend that this sentence run concurrent to whatever sentence may be imposed in Solano County Case #VCR233387 as the conduct charged in that case is included in the relevant conduct of this case. Lastly, the defendant requests a recommendation to the institution known as FCI Butner in North Carolina.

### A.  THE FINE

Mr. Majid will be serving a long sentence. He will not be released until he is in his mid to late 60s.[1] With this conviction his earning capacity upon release will be low and he will likely have to rely completely on his service related disability to survive. He has no major assets. He does have some money but that will reduced by the restitution the Court will order. Further, because he will be serving a long sentence he will spend that money while in custody. Studies

---

[1] This is an optimistic prediction and does not take into account any additional time imposed by Solano County.

shown that people incarcerated in the BOP spend many times over what they can possibly earn while at the BOP.  For many, that supplemental money comes from their families and friends.  Inmates are not spending that money on luxury items.  By far the bulk of inmate expenditures are for food and hygiene items.[2]  These are not luxury items.  Indeed, food expenditures are limited to the items at the commissary which are not luxury items and the most commonly bought hygiene items are toilet paper and shampoo.[3]  Mr. Majid will not be released from prison for many years at which point he will likely struggle to pay for his own basic needs.  To impose a fine in this case would be a hardship.

### B. RESTITUTION

The prosecution has submitted a brief regarding the state of the law regarding restitution in this type of case.  Counsel does not disagree with her statement of the law.

### C. THE SOLANO COUNTY CASE

The case in Solano County includes the same victims as this case and charges Mr. Majid with conduct that is depicted in the photos in this case.

### D. 3553(A) FACTORS TO CONSIDER IN MITIGATION

**1. Mr. Majid's own tragic childhood.**

Mr. Majid's childhood was ruined by parents he described as narcissistic, unaffectionate, and physically and emotionally abusive.  He related being beaten with things like extension cords and being dangled by his feet over a balcony as "punishments".   His twin sister corroborated what he relayed to his attorney and probation.  She characterized his treatment/discipline by his parents as "torture".  She called her mother a "hateful, extremely cruel and violent person who seemed to take pleasure in hurting us".  In addition to the physical abuse, Mr. Majid related sexual abuse and inappropriate behavior by his step-father.  His twin sister added that the step-father sexually abused her for years.  This horrific childhood does not excuse his behavior in this case, but the psychological trauma he went through, that was never

---

[2] Inmates also spend money to stay in touch with family.  If they want to write letters they must buy the paper, envelopes, and postage.  If they want to call they must set up an account and pay by the minute.  A 30 minute phone call from the county jail, for example, costs $6.30.  This does not include any set up fees, that is just by the minute.
[3] See www.prisonpolicy.org "The Company Store: A deeper Look at Prison Commissaries" by Stephen Raher, May 2018.

addressed, eventually broke him and was the major factor contributing to his abhorrent and misguided behavior in this case. He is being sentenced now as an adult who is being held accountable for his criminal behavior, but this behavior is no doubt rooted in his childhood, when he himself was a victim of terrible abuse.

### 2. Mr. Majid's lack of prior convictions

This case is Mr. Majid's first criminal case (see page 10 of the presentence report). He graduated from high school moved out of his parents' home and joined the Navy. He served 5 years in the US Navy and was honorably discharged. Thereafter he worked at several jobs usually involved with hazardous waste remediation. His lack of a prior record and his service to his country should be considered in mitigation.

### 3. Mr. Majid's remorse and attempt at self-reflection and improvement while in custody

Mr. Majid has done a great deal of reflecting about his conduct in this case. At the Sacramento County Jail there is no counseling offered, but Mr. Majid reached out to the pastors visiting the jail and ordered many books. Many of our discussions centered around books he was reading that helped him understand his own trauma and what he should do to address this. He took solace in his bible studies and eventually began leading a bible study group at the jail. He has been at the jail since January of 2018 and has become well known there as a positive influence on others. This is evident from the letters submitted on his behalf. This is the first time that parents of another inmate have reached out to me and asked if they could write a letter to the court on behalf of a client.

### 4. Mr. Majid's experience at the jail and future court appearances in Solano County.

Mr. Majid has been in Sacramento County Jail since before the pandemic. He has endured a very difficult time during his pretrial detention. For months he was isolated and had no visits at the beginning of the pandemic. He has endured the endless rounds of quarantines and isolation periods that this Court has heard about from many others. He was also ill for a time himself. The food at the jail has caused chronic problems with his GERD. Nonetheless, he continues to be a leader in bible studies and has taken every single class or self-improvement

opportunity he was offered.  Probation has documented the 973 hours he has spend on such programs while in custody (see paragraph 87 of the presentence report).  I don't think I have ever seen an inmate at the county jail more diligent about taking advantage of every opportunity.

Counsel attempted to resolve both the pending state and federal case at the same time. State authorities were simply not open to considering a global resolution.  This means that after Mr. Majid is sentenced in this case he will be transferred to Solano County Jail and the process will begin again.  He is facing the potential of a longer sentence in the Solano County Case and no guarantee that they will run that sentence concurrent to the federal sentence.  The presentence report suggests (in the second paragraph of the justification section) that this Court should consider, in aggravation, the uncharged acts committed by Mr. Majid.  This Court should, however, keep in mind that Mr. Majid is, in fact, facing charges for those acts in Solano County. The court in that case will be asked to impose a separate sentence for those acts – this Court should not increase the sentence here in these circumstances as those acts have been charged and will be address in a separate proceeding.

DATED: October 12, 2022                                   Respectfully submitted,

                                                          HEATHER WILLIAMS
                                                          Federal Defender

                                                          */s/Linda Allison*
                                                          LINDA ALLISON
                                                          Assistant Federal Defender

                                                          Attorneys for Defendant
                                                          TARIQ MAJID