PHILLIP A. TALBERT
United States Attorney
MICHELE BECKWITH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-0008 KJM |
|---|---|
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL STATEMENT REGARDING THE PROPOSED FINANCIAL PENALTIES |
| v. | |
| TARIQ ARRHAMANN MAJID, | |
| Defendant. | |

The United States submits the following supplemental statement regarding the additional special assessment applicable to the counts of conviction in this case under the Justice for Victims Trafficking Act ("JTVA"). The JTVA requires that courts impose a $5,000 special assessment against non-indigent defendants convicted of human trafficking, child exploitation, and human smuggling crimes. Specifically, it provides in relevant part that, "[b]eginning on the date of enactment of the Justice for Victims of Trafficking Act of 2015 and ending on September 30, 2022, in addition to the assessment imposed under section 3013, the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under . . . chapter 110 (relating to sexual exploitation and other abuse of children)." 18 U.S.C. § 3014(a)(3).

This provision expired in September 2022, after Congress failed to reauthorize it, but it was subsequently reinstated through December 16, 2022, as part of the Continuing Resolution passed by Congress and signed into law by the President. *See* https://www.congress.gov/bill/117th-congress/house-

1

bill/6833/text?q=%7B%22search%22%3A%5B%22continuing+resolution+appropriations%22%2C%22continuing%22%2C%22resolution%22%2C%22appropriations%22%5D%7D&r=11&s=3.

Now that § 3014 has been reauthorized, the United States supports the Probation Officer's original recommendation to impose the $10,000 TVPA assessment in addition to the mandatory $200 standard special assessment.[1] Although the United States does not dispute the defendant's right to court-appointed representation, there is no dispute concerning the nearly $45,000 in his Wells Fargo Account, which shows his ability to pay all mandatory assessments in full, immediately. PSR ¶ 97. The United States asks that the Court order the payment of $10,200 in special assessments due in full immediately and that any payment schedule set by the Court not prohibit the United States from collecting through all available means at any time, including during incarceration.[2]

The probation officer also recommends that the Court impose a fine of $25,000, which is at the bottom of the applicable Guideline range. PSR ¶ 108. This would make the total criminal penalty imposed in this case $35,200, if the Court were to also impose the mandatory special assessments. Although the plea agreement is silent on the fine, the United States notes that the defendant appears to have the present ability to pay the recommended fine. If the Court does impose such fine, the United States again asks that the Court order the payment due in full immediately and that any payment schedule set by the Court not prohibit the United States from collecting through all available means at any time, including during incarceration

Finally, the United States again urges the Court to accept the parties' plea agreement and sentence the defendant to a term of 30 years imprisonment, followed by a lifetime term of supervised release. It is also the government's recommendation that, pursuant to U.S.S.G. § 5G1.3, the sentence

---

[1] Although the most recent sentencing recommendation does not include the TVPA assessment, that version reflects a revision based on the lapse noted above and does not reflect the recent re-authorization.

[2] Although it is likely that the funds in the account come from defendant's Veterans Administration service-connected disability benefit, those funds are not exempt from garnishment once they have been deposited into the defendant's bank account. In *United States v. Poff*, the Ninth Circuit found that "Congress declined to extend the exemption [to service-connected disability benefits] once they have been paid." 727 F. App'x 249, 252 (9th Cir. 2018), *cert. granted*, judgment vacated on other grounds, 139 S. Ct. 790 (2019). Specifically, the Ninth Circuit held that VA disability benefits deposited into the defendant's inmate trust account were not exempt from enforcement under the MVRA because 26 U.S.C. § 6334(a)(10) only exempts disability benefits "payable to" an individual, and benefits deposited into the defendant's account were paid to him, not "payable to" him. *Id.*

2

1 | imposed in this case be ordered to run concurrently with any sentence imposed by the Superior Court of
2 | the State of California, Solano County, in case number VCR233387.

Dated: October 13, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ MICHELE BECKWITH
MICHELE BECKWITH
Assistant United States Attorney